| | | |
|---|---|---|
| NORTH CAROLINA | ) | FILED IN THE GENERAL COURT OF JUSTICE |
| | ) | SUPERIOR COURT DIVISION |
| DURHAM COUNTY | ) | 21 CVS _____ |

2022 JAN 19 A 11: 22

DURHAM CO., C.S.C.

BY _____

SHERYL W. RICHARDSON,

    Plaintiff,

v.

BELLO SOLAR ENERGY, LLC,
f/k/a TOTAL SOLAR SOLUTIONS, LLC,
and GOODLEAP, LLC,
f/k/a LOANPAL, LLC,

    Defendants.

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff, complaining of Defendants, alleges and says:

1. Plaintiff, Sheryl W. Richardson, is a resident and homeowner in Durham County.

2. Bello Solar Energy, LLC, is a limited liability company formed under the laws of Utah, registered to do business in North Carolina.

3. At relevant times, the name of the entity now known as Bello Solar Energy, LLC, was Total Solar Solutions, LLC.

4. A name change from Total Solar Solutions, LLC, to Bello Solar Energy, LLC, was filed with the Secretary of State of North Carolina in or about October 2020. The summary page from the website of the Secretary of State and the name change filings are attached Exhibit 1.

5. The term "Bello Solar" as used in this Complaint means and includes the company now known as Bello Solar Energy, LLC, and previously known as Total Solar Solutions, LLC.

6. GoodLeap, LLC, is a limited liability company, formed under the laws of California, registered to do business in North Carolina.

7. At relevant times, GoodLeap was known as Loanpal, LLC. The summary page from the website of the Secretary of State and the name change filings are attached Exhibit 2.

8. The term "GoodLeap" as used in this Complaint means and includes the company now known as GoodLeap, LLC, and previously known as Loanpal, LLC, and other names as shown in Exhibit 2.

9. The amount at issue is in excess of $25,000.

10. This matter concerns real property in Durham County.

## STATEMENT OF FACTS

11. Bello Solar is in the business of installing solar panels.

12. Bello Solar marketed its services to North Carolina residents.

13. In May 2020, Bello Solar, in its former name, Total Solar Solutions, entered into a Solar Installation Agreement with Ms. Richardson to install a solar panel system on her home in Durham (the "contract").

14. The contract is attached Exhibit 3 and incorporated by reference as if fully set forth here.

15. The contract required services that may be performed only pursuant to a valid license issued by the NC Board of Examiners of Electrical Contractors.

16. During the time work was being done pursuant to the contract, Bellow Solar's license was revoked.

17. A history of the licensure of Bello Solar from the NC Board of Examiners of Electrical Contractors, license no. U.27029, is attached Exhibit 4 and incorporated by reference as if fully set forth here.

18. The license search shows the current name of the licensee for license no. U.27029 as Timothy Curtis Kinney.

19. Bello Solar was on probation when it entered into the contract with Ms. Richardson, for, among other things, operating under a name other than the name on its license and failing to timely correct deficiencies in an installation on another home in North Carolina.

20. Bello Solar failed to comply with the terms of the probation.

21. The Board subsequently found new violations, including "failure to correct deficiencies on multiple projects."

22. The license was revoked on December 10, 2020.

23. The City of Durham file on this matter shows that an application for an electrical permit was made on December 9, 2020.

24. A true copy of the City's file on this matter, as provided to Ms. Richardson, is attached Exhibit 5.

25. A true copy of an email to Ms. Richardson from the City of Durham regarding the expired license is attached Exhibit 6.

26. The City of Durham found numerous defects in the electrical installation.

27. The City also refused to approve the project because Bello Solar's license had been revoked.

28. Ms. Richardson provided notice of these issues to Bello Solar.

29. Ms. Richardson attempted to work with Bello Solar in an effort to get the installation complete and approved.

30. After numerous contacts by Ms. Richardson, Bello Solar sent another electrical contractor.

31. That contractor arrived at Ms. Richardson's home, looked at the unit, told her there was nothing for him to do, and left.

32. Ms. Richardson is left with a solar panel unit on her roof that needs more work in order to operate.

33. Ms. Richardson is left with a solar panel unit on her roof that needs work done by a licensed contractor.

34. On information and belief, Bello Solar is still not licensed to perform the work contemplated by the contract.

35. On information and belief, Bello Solar and Mr. Kinney have changed names on this license and applied for other licenses under other names in an effort to evade

suspensions and revocations and continue to get paid by North Carolinians for shoddy work on their homes.

36. Bello Solar has been fully paid pursuant to a loan it arranged with GoodLeap.

37. When Ms. Richardson contracted with Bello Solar to install the solar unit, she also entered into a Loan Agreement with GoodLeap, under its former name, LoanPal, LLC, for the sole purpose of paying Bello Solar for installation of the solar unit (the "loan agreement").

38. A copy of the loan agreement is attached as Exhibit 7 and incorporated here by reference as if fully set forth.

39. The loan agreement recited the installation contractor as "Recoil Development, Inc. dba Total Solar Electrical Systems."

40. A search of the website of the NC Board of Examiners of Electrical Contractors, license no. U.27029, is attached Exhibit 8. This shows no licensee under the name of Recoil Development, Inc., whether in good standing, revoked, on probation, or otherwise.

41. A search of the website of the Secretary of State of North Carolina shows no entity named Recoil Development, Inc., registered to do business in North Carolina. A copy of the search results is attached Exhibit 9.

44. The loan agreement stated: "Purchased goods under this Loan Agreement will be detailed in your Home Improvement Agreement with your Contractor. By initialing below, you confirm receipt of such Home Improvement Agreement."

45. The loan agreement recited the requirements for a tax credit for a solar installation.

46. The loan agreement listed and incorporated the services to be provided by the installation contractor.

47. Pursuant to the loan agreement, the collateral for the loan was the solar unit to be installed on Ms. Richardson's home by Recoil

48. Pursuant to the loan agreement, the loan was for the express purpose of funding an unlawful installation.

49. Ms. Richardson is left with a loan for payment of the work Bello Solar has failed to properly perform, refused to complete, and cannot legally complete.

## FIRST CLAIM FOR RELIEF
### Request for declaratory judgment
### (Bello Solar)

50. The allegations in the preceding paragraphs are incorporated here by reference.

51. Pursuant to the Declaratory Judgment Act, G.S. § 1-253, *et seq.,* Plaintiff asks the Court to declare the rights and obligations of the parties pursuant to the contract between Plaintiff and Bello Solar.

52. Specifically, Plaintiff asks the Court to determine that the contract is void and unenforceable in that Bello Solar lacked the license required by state law to perform and complete the installation of the solar unit contemplated by the contract.

## SECOND CLAIM FOR RELIEF
### Request for declaratory judgment
### (Loanpal)

53. The allegations in the preceding paragraphs are incorporated here by reference.

54. Pursuant to the Declaratory Judgment Act, G.S. § 1-253, *et seq.*, Plaintiff asks the Court to declare the rights and obligations of the parties pursuant to the contract between Plaintiff and GoodLeap.

55. Specifically, Plaintiff asks the Court to declare that the loan agreement is void and unenforceable in that the agreement was entered into for the express purpose of funding work that could not legally be performed or completed.

## THIRD CLAIM FOR RELIEF
### Breach of contract
### (Bello Solar)

56. The allegations in the preceding paragraphs are incorporated here by reference.

57. Alternatively, if the contract between Plaintiff and Bello Solar is deemed enforceable, Bello Solar breached the contract by:

    a. Failing to "to install a functioning System," as required by Section 1.

    b. Failing to provide that "[a]ll workmanship will meet or exceed applicable building codes and standards," as required by Section 1.

c. Failing to comply with the "Limited Warranty" provided in Section 11 and Exhibit C by failing to "promptly make the necessary corrections or repairs to any Work covered by this warranty."

d. As otherwise to be shown at the trial of this matter.

58. Plaintiff provided all notices to Bello Solar required by the contract and otherwise complied with all obligations pursuant to the contract.

59. Plaintiff has been damaged as described below.

### FOURTH CLAIM FOR RELIEF
### Breach of the covenant of good faith and fair dealing
### (All defendants)

60. The allegations in the preceding paragraphs are incorporated here by reference.

61. Bello Solar breached the covenant of good faith and fair dealing in the contract by:

a. Failing to maintain the electrical license required to perform and complete the work required by the contract.

b. When its license was revoked, failing to engage a substitute contractor to complete the work required by the contract.

c. Accepting full payment for the work not done, knowing that Ms. Richardson was a party to a loan expressly made to pay for the work not done.

d. As otherwise to be shown at the trial of this matter.

62. GoodLeap breached the covenant of good faith and fair dealing in the contract by continuing to accept money from Ms. Richardson and repeatedly demanding payment, even while being informed that the work for which the loan agreement was expressly made had not been completed and could not legally be completed by "Recoil Development, Inc."

63. Plaintiff has been damaged as described below.

### FIFTH CLAIM FOR RELIEF
### Unfair and deceptive trade practices
### (All defendants)

64. The allegations in the preceding paragraphs are incorporated here by reference.

65. The contract, loan agreement, and the work performed or contracted to be performed are in commerce.

66. Bello Solar's actions as described above were unfair and deceptive, in violation of Chapter 75 of the General Statutes, including G.S. § 75-1.1, as follows:

   a. Bello Solar failed to maintain the license needed to perform and complete the work provided in the contract.

   b. Bello Solar failed to notify Ms. Richardson that it could not legally perform or complete the work provided in the contract.

   c. Instead, Bello Solar abandoned the project and left Ms. Richardson with unusable solar panels on her roof and damage to her home.

d. The replacement contractor sent by Bello Solar failed to complete the installation or even attempt to do so.

e. Bello Solar has failed to complete the work, such that the term of the limited warranty in the contract has not yet begun.

e. Bello Solar accepted full payment for the work not done.

f. Bello Solar accepted full payment for the work not done and failed to reimburse Ms. Richardson for such work, knowing that the lender on the loan arranged in connection with the project would demand that Ms. Richardson pay it for the work Bello Solar did not do.

67. GoodLeap's actions and inaction as described above were unfair and deceptive, in violation of Chapter 75 of the General Statutes, including G.S. § 75-1.1, by continuing to accept and retain money from Ms. Richardson and repeatedly demanding payment, even while being informed that the work for which the loan agreement was expressly made had not been completed and could not legally be completed.

68. Plaintiff has been damaged as described below.

69. Pursuant to G.S. § 75-16, Plaintiff is entitled to treble damages.

70. Pursuant to G.S. § 75-16.1, Plaintiff is entitled to an award of attorney fees.

## DAMAGES
### (All defendants)

71. Plaintiff has been damaged by Defendants' actions and inaction as described above by:

    a. Having an inoperable solar unit on her roof.

    b. Loss of use of the solar unit.

    c. Damages to the existing electrical system in her home.

    d. Loss of electrical power, resulting in lack of heat and air conditioning and lack of refrigeration and loss of food supplies.

    e. All obligations pursuant to the loan agreement, including principal, interest, credit reports, and otherwise.

    f. All amounts paid to GoodLeap or Bello Solar.

    g. All amounts claimed by GoodLeap or Bellow Solar to be owed by Plaintiff pursuant to the contract or loan agreement.

    h. The expense of removing the solar panels from her roof or the cost of hiring a censed contractor to complete the work.

    i. For any damage to her credit by reporting by either Defendant or by anyone on her behalf.

    j. Liens on her property.

    k. Otherwise to be shown at the trial of this matter.

## PUNITIVE DAMAGES
### (All defendants)

72. Defendants' actions and inaction as described herein were willful and wanton.

73. Defendants' actions and inaction as described herein as were and characterized by fraud and other deceptive conduct.

74. Defendants' actions and inaction as described herein as were and characterized by malice.

75. Pursuant to Chapter 1D and as otherwise allowed by law, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, Sheryl W. Richardson, prays the Court:

1. For a declaratory judgment that the Solar Installation Agreement is void and unenforceable.

2. For a declaratory judgment that the Loan Agreement is void and unenforceable.

3. For all amounts paid by Plaintiff to either Defendant.

4. For other compensatory damages in excess of $25,000, against Defendants

5. That all damages be trebled pursuant to Chapter 75 of the General Statutes.

6. For an order that neither Defendant report any debt or lack of payment for any amounts purported to be owed by Plaintiff to any credit reporting agency, and that if such report has been made, such reporting cease.

7. For cancellation of any liens asserted by any Defendant on Plaintiff's property.

8. For an award of reasonable attorney fees pursuant to G.S. § 75-16.1 and otherwise as allowed by law.

9. For an award of punitive damages in an amount to be determined by the jury or the Court, as the case may be.

10. That all issues of fact be tried by a jury.

11. That the costs of this action be taxed to Defendants, jointly and severally.

12. For such other and further relief as the Court may deem just and proper.

This 19th day of January, 2022.

_Celie B Richardson_
Celie B. Richardson
N.C. State Bar no. 25506
Attorney for Plaintiff

Richardson Law
P.O. Box 2585
Chapel Hill, NC 27515
919-932-7718
cbr@rlg-nc.com